IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GREGORY ROBERT ROLAND,

    Plaintiff,
v.                                                  CASE NO. 1:13-cv-124-MW-GRJ

JERRY MILLER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a Civil Rights complaint on the court's standard form (Doc. 1) and an incomplete motion for leave to proceed *in forma pauperis* (Doc. 2). For the reasons discussed below, it is respectfully **RECOMMENDED** that this cause be dismissed pursuant to 28 U.S.C. § 1915(g).

## DISCUSSION

Plaintiff alleges that Defendant Jerry Miller, a detective with the Levy County Sheriff's Department, violated his due process rights by arresting him without a warrant and without probable cause, and by setting excessive bail for his release. Plaintiff alleges that Defendant Glenn Bryan, an assistant state attorney, violated his rights by maliciously prosecuting him, and further alleges that Defendant Michael Bryant, a state public defender, violated his rights by providing ineffective assistance of counsel. Plaintiff names the Levy County Sheriff's Department and Levy County Board of Justice as defendants, but asserts no claims against either of these entities. As relief Plaintiff seeks compensatory and punitive damages. (Doc. 1.)

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may

not bring a civil action under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is commonly known as the PLRA's "three strikes" rule. "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger. Miller v. Donald, 541 F.3d 1091, 1095 (11th Cir. 2008); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has run afoul of 28 U.S.C. §1915(g) three strikes rule. Plaintiff previously filed at least three cases in the Northern District of Florida which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. See Roland v. Glant, No. 1:11-cv-35-MP-GRJ (N.D. Fla. Aug. 9, 2011)(dismissed for failure to state a claim); Roland v. Browning, No. 1:11-cv-34-MP-GRJ (N.D. Fla. Aug. 15, 2011) (dismissed as frivolous); Roland v. Smith, No. 1:03-cv-2-MP-AK (N.D. Fla. August 11, 2003) (dismissed as frivolous); Roland v. Levy County Sheriff, No. 1:97-cv-117-MP (N.D. Fla. Sept. 1, 1999) (dismissed for failure to state a claim). Plaintiff did not disclose these cases as required by the Court's civil rights complaint form. Nor did he mention Roland v. Bryant, Case No. 1:11-cv-48-MP-GRJ, another complaint against Plaintiff's public defender which was dismissed for failure to prosecute. Plaintiff likewise fails to mention his multiple petitions for writs of habeas corpus. This dishonesty also merits dismissal for abuse of the judicial process.

Plaintiff has filed a motion to proceed *in forma pauperis*. (Doc. 2.) The motion is

incomplete, because Plaintiff failed to attach copies of his inmate accounts. In any case, Plaintiff is not entitled to proceed as a pauper under 28 U.S.C. § 1915 and his allegations do not suggest that he is in "imminent danger of serious physical injury." Accordingly, Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three strikes under the PLRA and because he does not allege that he is in any imminent danger.

## CONCLUSION

Based on the foregoing, it is respectfully **RECOMMENDED** that this case should be dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three strikes and Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) should be denied.

**IN CHAMBERS**, at Gainesville, Florida, this 1st day of July 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.